IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| EQUITRUST LIFE INSURANCE CO.,<br><br>Plaintiff,<br><br>v.<br><br>AMERICAN NATIONAL INSURANCE CO.,<br><br>Defendant. | Civil Action No.: ____________________<br><br><br><br>**JURY DEMAND** |

**COMPLAINT FOR FALSE DESIGNATION OF ORIGIN, FALSE ADVERTISING, UNFAIR COMPETITION, AND TRADEMARK INFRINGEMENT**

Plaintiff EquiTrust Life Insurance Company ("Plaintiff"), through its undersigned counsel, for its complaint against American National Insurance Company ("Defendant") alleges as follows:

**Parties**

1. Plaintiff is a corporation duly organized and existing under the law of the State of Arizona, and having a principal place of business in Chicago, Illinois, and its administrative office at 7100 Westown Parkway, West Des Moines, Iowa.

2. Defendant is a company organized and existing under the laws of the State of Texas, and having a principal place of business in Galveston, Texas.

**Jurisdiction and Venue**

3. This is a civil action for false designation of origin, false advertising, unfair competition, and trademark infringement, under the Lanham Act 15 U.S.C. § 1051 et seq. and for trademark infringement and unfair competition under the common law of the State of Iowa.

4. Jurisdiction over the subject matter of this action is proper in this Court pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1332(a), and 1338(a). The amount in controversy exceeds $75,000. This Court has supplemental jurisdiction over the claims in this Complaint that arise under common law pursuant to 28 U.S.C. § 1367(a).

5. The Court has personal jurisdiction over Defendant due to Defendant's continuous and systematic contacts with the State of Iowa, including conducting business in this District through physical locations and agents offering its services in this District, and due to Defendant committing the complained of conduct within the State of Iowa, including in this District.

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because Defendant conducts business in the State of Iowa through physical locations within this District and agents offering its services in this District, and a substantial part of the events giving rise to the claims in this action occurred within the State of Iowa, including in this District.

## **Plaintiff's Trademarks**

7. Plaintiff has been providing financial services and products to consumers since 1996. Since at least 2003 and 2007, respectively, Plaintiff has continuously used the trademarks CERTAINTY and CERTAINTY SELECT (hereinafter, the "Trademarks") in connection with its financial services related to management and distribution of annuities. Plaintiff's services under the Trademarks are available in all states except New York.

8. Plaintiff is the owner of U.S. Trademark Registration No. 3,313,185 for CERTAINTY SELECT and U.S. Trademark Registration No. 7,724,246 for CERTAINTY (collectively, the "Registrations"). Copies of the Registrations are attached hereto as Exhibit 1. Plaintiff's Registrations are valid, and the registration for CERTAINTY SELECT is incontestable.

9. Plaintiff has expended significant time, money, and effort to establish public recognition of CERTAINTY in connection with its financial services and annuity services since at least 2003.

10. Plaintiff has expended significant time, money, and effort to establish public recognition of CERTAINTY SELECT in connection with its financial services, namely, management and distribution of annuities since at least 2007.

11. As a result of these efforts, Plaintiff enjoys substantial goodwill and recognition throughout the United States relating to these Trademarks. True and correct copies of pages from Plaintiff's website and an exemplar monthly statement evidencing Plaintiff's use of the Trademarks are attached as Exhibit 2.

12. Plaintiff and Defendant offer competing financial products and services.

13. Plaintiff and Defendant operate in the same trade channel.

14. By way of example, Plaintiff's financial products are distributed to consumers through agents and independent marketing organizations ("IMOs"). Agents are primarily independent agents, meaning they sell products from a wide variety of companies, including products that may be offered by Plaintiff and Defendant. Agents routinely work with IMOs to assess product options available to any given consumer. Similar to agents, IMOs provide access to products from a wide variety of companies, including products that may be offered from Plaintiff and Defendant.

## **<u>Defendant's Infringing Activities</u>**

### **A. Rate Certainty Annuity**

15. Defendant offers a fixed annuity product under the name Rate Certainty Annuity, thereby impeding Plaintiff's exclusive rights to the registered trademarks CERTAINTY and CERTAINTY SELECT.

16. Plaintiff first became aware of this infringing use on or about August 7, 2024. A representative of Plaintiff first saw references to Defendant's product on Competiscan, which is an information aggregator service related to insurance products.

17. On October 30, 2024, counsel for Plaintiff sent a letter, attached hereto at Exhibit 3, notifying Defendant of Plaintiff's federally registered trademark CERTAINTY SELECT and requesting that Defendant cease all use of Rate Certainty Annuity.

18. Through counsel, Defendant responded with a letter on November 8, 2024, attached hereto at Exhibit 4. This letter stated Defendant was "confident that the use of Rate Certainty Annuity for a fixed annuity product . . . will not cause any injury to your client's trademark rights."

19. Defendant announced the nationwide launch of its product, Rate Certainty Annuity, shortly thereafter on November 18, 2024, as shown in the press release attached hereto as Exhibit 5 ("American National Insurance Company announces the nationwide launch of the new Rate Certainty Annuity"). Defendant notes that with its product it "aims to solidify its position as a leader in the annuity market. . . ."

20. Throughout the press release, Defendant refers to the product as a fixed annuity with guaranteed rates over a period of selectable years.

21. Defendant's product information, attached hereto as Exhibit 6, further shows that Defendant's Rate Certainty Annuity is a fixed annuity.

22. Defendant's marketing materials show that it is directly competing for the same consumers considering a multi-year guarantee annuity, describing "Guide clients to clarity with Rate Certainty Annuity—a simple solution in a complex market. Rate Certainty Annuity combines the straightforward nature of a Multi-Year Guarantee Annuity with the potential growth of a Fixed Index Annuity." *See* Exhibit 7.

23. After receiving its registration for CERTAINTY, Plaintiff sent a letter on April 21, 2025, to Defendant, attached hereto at Exhibit 8. In this letter, Plaintiff reiterated its demands, and further informed Defendant of the recent registration of CERTAINTY. Plaintiff specifically noted that Defendant was directly competing with Plaintiff and its annuity products and that there is a likelihood of confusion.

24. Defendant replied on May 1, 2025, reiterating its position that there was no likelihood of confusion, in the letter attached hereto as Exhibit 9. After discussing the matter in person on May 19, 2025, Defendant's counsel agreed to discuss the Plaintiff's position with Defendant.

25. After receiving no follow up from Defendant's counsel, Plaintiff's counsel sent another letter on July 25, 2025, attached hereto as Exhibit 10, seeking to confirm a phase-out plan for Defendant's use of Rate Certainty Annuity.

26. On August 8, 2025, Defendant's counsel reiterated Defendant's position that there is no likelihood of confusion; letter attached hereto as Exhibit 11.

27. Despite full knowledge of Plaintiff's ownership of and senior rights in CERTAINTY and CERTAINTY SELECT and Plaintiff's demands, Defendant has continued to offer for sale, and has made sales, of its Rate Certainty Annuity product. Defendant continues to advertise its Rate Certainty Annuity product on its website, a copy of which is attached hereto as Exhibit 12, and reproduced in part below.




**B. Tagline: Your Source of Certainty**

28. Despite having knowledge of Plaintiff's Trademarks, Defendant has adopted and used the tagline "Your source of certainty" in various promotional brochures and product literature directly in relation to its annuity product portfolio.

29. For example, a first "Annuity Product Portfolio" brochure from Defendant attached hereto as Exhibit 13, and reproduced in part below, demonstrates Defendant's unauthorized use of the Trademarks in connection with the sale of goods and services that are the same as and/or similar to Plaintiff's registered goods and services.

**Annuity Product Portfolio**

Your source of certainty



30. In another example, a second "Annuity Product Portfolio" brochure from Defendant attached hereto as Exhibit 14, and reproduced in part below, demonstrates Defendant's unauthorized use of the Trademarks in connection with the sale of goods and services that are the same as and/or similar to Plaintiff's registered goods and services.




31. Defendant's use of the tagline "Your source of certainty" to advertise its annuity product portfolio impedes Plaintiff's exclusive rights in the registered trademarks CERTAINTY and CERTAINTY SELECT.

32. Despite having actual knowledge of Plaintiff's ownership of and senior rights in CERTAINTY and CERTAINTY SELECT, Defendant adopted and has continued to use the tagline "Your source in certainty."

**<u>COUNT I</u>**

**False Designation of Origin, False Advertising, and Unfair Competition**
**Under 15 U.S.C. § 1125(a)**

33. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 32.

34. Defendant's management and distribution of fixed annuities under the name Rate Certainty Annuity is likely to cause confusion, or to cause mistake or to deceive consumers, agents, and/or IMOs as to the affiliation, connection or association of Defendant with Plaintiff,

or as to the origin, sponsorship, or approval by Plaintiff of Defendant's services.

35. Defendant's use of the tagline "Your source of certainty" in relation to its annuity product portfolio is likely to cause confusion, or to cause mistake or to deceive consumers, agents, and/or IMOs as to the affiliation, connection or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval by Plaintiff of Defendant's services.

36. Defendant's management and distribution of fixed annuities with the name Rate Certainty Annuity enables Defendant to benefit unfairly from Plaintiff's goodwill, reputation and success, thereby giving Defendant's infringing services commercial value they otherwise would not have.

37. Defendant's use of the tagline "Your source of certainty" in relation to its annuity product portfolio enables Defendant to benefit unfairly from Plaintiff's goodwill, reputation and success, thereby giving Defendant's infringing services commercial value they otherwise would not have.

38. Defendant's actions constitute unfair competition, false designation of origin, and false advertising in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

39. On information and belief, Defendant was aware of Plaintiff's trademark rights to CERTAINTY and CERTAINTY SELECT when it designated its Rate Certainty Annuity branded product. At a minimum, Defendant was aware of Plaintiff's trademark registration to CERTAINTY SELECT when it officially launched its product nationwide on November 18, 2024.

40. On information and belief, Defendant's use of Rate Certainty Annuity continued even after it became aware of Plaintiff's CERTAINTY SELECT registered trademark, at least as early as October 30, 2024, when Plaintiff sent a cease and desist letter. Defendant's use of Rate Certainty Annuity continued even after it became aware of Plaintiff's CERTAINTY registered

trademark, at least as early as April 21, 2025, when Plaintiff sent a follow up cease and desist letter. Therefore, Defendant's infringement has been and continues to be intentional, willful, and without regard to Plaintiff's federal Registrations.

41. On information and belief, Defendant was aware of Plaintiff's trademark rights to CERTAINTY and CERTAINTY SELECT when it adopted and began use of the tagline "Your source of certainty" in relation to its annuity product portfolio, and was aware of these trademarks at least as early as October 30, 2024, for CERTAINTY SELECT and at least as early as April 21, 2025, for CERTAINTY, via cease and desist letters sent by Plaintiff. Therefore, Defendant's infringement has been and continues to be intentional, willful, and without regard to Plaintiff's federal Registrations.

42. On information and belief, Defendant's use of the tagline "Your source of certainty" in relation to its annuity product portfolio continued even after it became aware of Plaintiff's trademark rights to CERTAINTY and CERTAINTY SELECT, and was aware of these trademarks at least as early as October 30, 2024, for CERTAINTY SELECT and at least as early as April 21, 2025, for CERTAINTY, via cease and desist letters sent by Plaintiff. Therefore, Defendant's infringement has been and continues to be intentional, willful, and without regard to Plaintiff's federal Registrations.

43. Plaintiff has been and will continue to be irreparably harmed and damaged by Defendant's conduct, and Plaintiff lacks and adequate remedy at law to compensate for this harm and damage.

44. Because Defendant's actions have been willful, Plaintiff is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional, case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**COUNT II**

**Federal Trademark Infringement of CERTAINTY SELECT Under 15 U.S.C. § 1114**

45. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 44.

46. Plaintiff owns a federal trademark registration for the CERTAINTY SELECT trademark. This registration is incontestable.

47. Defendant, without authorization from Plaintiff, has used and is continuing to use designations that are confusingly similar to Plaintiff's trademark CERTAINTY SELECT.

48. Plaintiff and Defendant offer competing financial products and services.

49. Plaintiff and Defendant operate in the same trade channel.

50. Defendant, with its Rate Certainty Annuity product, directly competes for the same consumers, including through agents and IMOs, as Plaintiff does under CERTAINTY SELECT.

51. Defendant, with its tagline "Your source of certainty," directly competes for the same consumers, including through agents and IMOs, as Plaintiff does under CERTAINTY SELECT.

52. The foregoing acts of Defendant are intended to cause confusion, mistake, and deception among consumers, agents, IMOs, the public, and the trade as to whether Defendant's annuity products originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

53. Prior to Defendant's first use of Rate Certainty Annuity, upon information and belief, Defendant was aware of Plaintiff's business and had either actual notice and knowledge, or constructive notice of Plaintiff's CERTAINTY SELECT Trademark.

54. Prior to Defendant's first use of "Your source of certainty," upon information and belief, Defendant was aware of Plaintiff's business and had either actual notice and knowledge, or constructive notice of Plaintiff's CERTAINTY SELECT Trademark.

55. Defendant's unauthorized use of the infringing Rate Certainty Annuity mark is intended to cause, has caused, and is likely to continue to cause deception confusion or mistake among consumers, agents, and IMOs as to the origin, sponsorship, endorsement or approval of the Rate Certainty Annuity product and/or to cause confusion or mistake as to any affiliation, connection or association between Plaintiff and Defendant, in violation of 15 U.S.C. § 1114(a).

56. Defendant's unauthorized use of the infringing tagline "Your source of certainty" is intended to cause, has caused, and is likely to continue to cause deception confusion or mistake among consumers, agents, and IMOs as to the origin, sponsorship, endorsement or approval of Defendant's annuity products portfolio and/or to cause confusion or mistake as to any affiliation, connection or association between Plaintiff and Defendant, in violation of 15 U.S.C. § 1114(a).

57. Defendant's infringement of Plaintiff's registered CERTAINTY SELECT trademark as described herein has been and continues to be intentional, willful, and without regard to Plaintiff's rights.

58. Plaintiff is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of Plaintiff's registered CERTAINTY SELECT trademark.

59. Plaintiff will suffer and is suffering irreparable harm from Defendant's infringement of the registered CERTAINTY SELECT trademark insofar as Plaintiff's invaluable goodwill is being eroded by Defendant's continuing infringement.

60. Plaintiff has no adequate remedy at law to compensate it for the loss of business, reputation, customers, market position, confusion of potential customers, and goodwill flowing from Defendant's infringing activities.

61. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to an injunction against

Defendant's continuing infringement of Plaintiff's registered CERTAINTY SELECT trademark. Unless enjoined, Defendant will continue its infringing conduct.

62. Because Defendant's actions have been committed with intent to damage Plaintiff and to confuse and deceive the public, Plaintiff is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

**COUNT III**

**Federal Trademark Infringement of CERTAINTY Under 15 U.S.C. § 1114**

63. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 62.

64. Plaintiff owns a federal trademark registration for the CERTAINTY trademark.

65. Defendant, without authorization from Plaintiff, has used and is continuing to use designations that are confusingly similar to Plaintiff's trademark CERTAINTY.

66. Plaintiff and Defendant offer competing financial products and services.

67. Plaintiff and Defendant operate in the same trade channel.

68. Defendant, with its Rate Certainty Annuity product, directly competes for the same consumers, including through agents and IMOs, as Plaintiff does under CERTAINTY.

69. Defendant, with its tagline "Your source of certainty," directly competes for the same consumers, including through agents and IMOs, as Plaintiff does under CERTAINTY.

70. The foregoing acts of Defendant are intended to cause confusion, mistake, and deception among consumers, agents, IMOs, the public, and the trade as to whether Defendant's annuity products originate from, or are affiliated with, sponsored by, or endorsed by Plaintiff.

71. Prior to Defendant's first use of Rate Certainty Annuity, upon information and belief, Defendant was aware of Plaintiff's business and had either actual notice and knowledge,

or constructive notice of Plaintiff's CERTAINTY Trademark.

72. Prior to Defendant's first use of "Your source of certainty," upon information and belief, Defendant was aware of Plaintiff's business and had either actual notice and knowledge, or constructive notice of Plaintiff's CERTAINTY Trademark.

73. Defendant's unauthorized use of the infringing Rate Certainty Annuity mark is intended to cause, has caused, and is likely to continue to cause deception confusion or mistake among consumers, agents, and IMOs as to the origin, sponsorship, endorsement or approval of the Rate Certainty Annuity product and/or to cause confusion or mistake as to any affiliation, connection or association between Plaintiff and Defendant, in violation of 15 U.S.C. § 1114(a).

74. Defendant's unauthorized use of the infringing tagline "Your source of certainty" is intended to cause, has caused, and is likely to continue to cause deception confusion or mistake among consumers, agents, and IMOs as to the origin, sponsorship, endorsement or approval of Defendant's annuity products portfolio and/or to cause confusion or mistake as to any affiliation, connection or association between Plaintiff and Defendant, in violation of 15 U.S.C. § 1114(a).

75. Defendant's infringement of Plaintiff's registered CERTAINTY trademark as described herein has been and continues to be intentional, willful, and without regard to Plaintiff's rights.

76. Plaintiff is informed and believes, and on that basis alleges, that Defendant has gained profits by virtue of its infringement of Plaintiff's registered CERTAINTY trademark.

77. Plaintiff will suffer and is suffering irreparable harm from Defendant's infringement of the registered CERTAINTY trademark insofar as Plaintiff's invaluable goodwill is being eroded by Defendant's continuing infringement.

78. Plaintiff has no adequate remedy at law to compensate it for the loss of business,

reputation, customers, market position, confusion of potential customers, and goodwill flowing from Defendant's infringing activities.

79. Pursuant to 15 U.S.C. § 1117, Plaintiff is entitled to an injunction against Defendant's continuing infringement of Plaintiff's registered CERTAINTY trademark. Unless enjoined, Defendant will continue its infringing conduct.

80. Because Defendant's actions have been committed with intent to damage Plaintiff and to confuse and deceive the public, Plaintiff is entitled to treble its actual damages or Defendant's profits, whichever is greater, and to an award of costs, and, this being an exceptional case, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117(a).

## COUNT IV

### Common Law Trademark Infringement and Unfair Competition

81. Plaintiff repeats and realleges the allegations set forth in paragraphs 1 through 80.

82. Defendant's use of designations that are confusingly similar to Plaintiff's CERTAINTY and CERTAINTY SELECT trademarks constitutes use in commerce of a symbol or device, or a false designation of origin, or a false or misleading description or representation with respect to Defendant's services, which is likely to cause confusion, to cause mistake, or to deceive as the to the affiliation, connection, or association of Defendant with Plaintiff, or as to the origin, sponsorship, or approval of Defendant's goods and services, and Plaintiff has been and is likely to be damaged by Defendant's use of such symbols or device, or false designation of origin, or false or misleading description or representation, all in violation of the common law of the State of Iowa.

83. Plaintiff and Defendant offer competing financial products and services.

84. Plaintiff and Defendant operate in the same trade channel.

85. Defendant's conduct complained of herein has caused substantial and irreparable damage to Plaintiff and will continue to cause further irreparable damage to Plaintiff if Defendant is not preliminarily and permanently enjoined by this Court from further violation of Plaintiff's rights. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment against Defendant as follows:

A. That Defendant, its officers, directors, agents, attorneys, servants, employees, successors, and assigns, and all other persons in active concert or participation with them, and all those acting under the authority of or in privity with Defendant, be preliminarily and permanently enjoined from using in any manner whatsoever Plaintiff's Trademarks or any confusingly similar configuration as a trademark to advertise, promote, or identify the source of its services;

B. That Defendant be ordered to remove all advertisements, promotions, displays, signage, packaging, price lists, catalogs, publications, and articles, or any other materials in its possession or in control of any of their agents, which bear or represent in any way a copy, simulation, colorable imitation, reproduction, photograph, copy, or similar device that is confusingly similar to Plaintiff's Trademarks and rights alleged above;

C. That Defendant be ordered to pay Plaintiff an award of compensatory, consequential, statutory, exemplary, and/or punitive damages in an amount to be determined at trial;

D. That Defendant be ordered to pay Plaintiff an award for damages suffered by Plaintiff by virtue of Defendant's unlawful acts alleged herein;

E. That Defendant be ordered to account for and pay over to Plaintiff all earnings, profits, receipts and advantages derived by Defendants through the marketing of goods and services in association with the unlawful acts alleged herein;

F. That Defendant be ordered to compensate Plaintiff for the advertising or other expenses necessary to dispel, cure, or counteract any public confusion caused by Defendant's unlawful acts;

G. That Defendant be required to file with this Court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction;

H. That Defendant be ordered to pay Plaintiff's attorneys' fees and compensatory damages in a sum equal to three (3) times the amount of Defendant's profits, receipts, and advantages;

I. That Plaintiff be awarded its costs and expenses for bringing and prosecuting this action;

J. That Plaintiff be awarded pre-judgment interest on any monetary award made as part of the judgment against Defendant;

K. That Plaintiff be awarded such other and further relief as this Court may deem just and proper.

**JURY TRIAL DEMANDED**

Plaintiff hereby demands a trial by jury on all issues appropriately triable by a jury.

Dated: December 22, 2025

Respectfully submitted,

*/s/ Allison E. Kerndt*

Allison E. Kerndt
Matthew A. McGuire
Olivia C. Martzahn
NYEMASTER GOODE, P.C.
700 Walnut Street, Suite 1300
Des Moines, Iowa 50309
T: (515) 283-3100
F: (515) 283-3108
E: akerndt@nyemaster.com
E: mmcguire@nyemaster.com
E: lmartzahn@nyemaster.com